IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ALBERT AGUILAR, Individually and on Behalf of All Others Similarly Situated**  **PLAINTIFF**

vs.  No. 5:20-cv-442

**STEVE & SONS, INC.**  **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Albert Aguilar ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Steve & Sons, Inc. ("Defendant"), he does state and allege as follows:

### I.  JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and others similarly situated proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, manufacturing and selling doors to lumberyards, retailers and builders.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. Plaintiff was employed by Defendant at its shop located in the San Antonio Division of the Western District of Texas.

6. The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

7. Plaintiff is an individual resident and domiciliary of Texas.

8. Defendant is a domestic, for-profit corporation.

9. Defendant's registered agent for service is Capitol Corporate Services, Inc., at 206 East 9th Street, Suite 1300, Austin, Texas 78701.

10. Defendant maintains a website at http://www.stevesdoors.com/.

## III. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that

had been moved in or produced for commerce by any person.

13. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

14. At all times material herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

15. Defendant manufactures and sells doors to lumberyards, retailers and builders.

16. At all times material herein, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid him an hourly wage.

17. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits of the FLSA.

18. Defendant employed Plaintiff as an hourly-paid Shipping Supervisor from July of 2013 until March of 2020.

19. At all relevant times, Defendant directly hired Plaintiff and other hourly employees to work in its shop, paid them wages and benefits, controlled their schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. As a Shipping Supervisor, Plaintiff's duties included ensuring that trucks were loaded, helping to load the trucks, and preparing the necessary paperwork.

21. Plaintiff and similarly situated hourly employees regularly worked in excess of forty (40) hours per week while working for Defendant.

22. In addition to their hourly rate, Plaintiff and similarly situated employees periodically received nondiscretionary bonuses.

23. Plaintiff and similarly situated employees received bonuses based on attendance.

24. These nondiscretionary bonuses were a form of compensation to Plaintiff and similarly situated employees.

25. During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and similarly situated employees.

26. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

27. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

28. Upon information and belief, Defendant's bonus policy was the same at all of its locations.

29. Defendant has deprived Plaintiff and the others of proper overtime compensation for all of the hours worked over forty (40) per week.

30. Plaintiff was required to arrive at work at 6:00 AM in order to prepare paperwork before the trucks arrived.

31. However, Defendant did not allow Plaintiff to clock in until 6:30 AM, or if Plaintiff clocked in at 6:00 AM, Defendant would change Plaintiff's time to reflect a 6:30 AM clock-in time.

32. Due to Defendant's policy adjusting Plaintiff's time to 6:30 AM each morning, Plaintiff spent at least two and a half (2.5) hours per week working off the clock.

33. Plaintiff was not compensated for his time working off the clock.

34. Defendant was or should have been aware that Plaintiff was required to perform work outside of his recorded hours.

35. Defendant's failure to compensate Plaintiff for his off-the-clock work resulted in additional overtime violations.

36. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff brings his FLSA claim on behalf of all other hourly employees who received nondiscretionary bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a week;

B. Liquidated damages; and

C. Attorney's fees and costs

47. Plaintiff proposes the following collective under the FLSA:

**All hourly-paid employees who earned a bonus in connection with work performed in any week in which they worked more than forty hours within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The proposed FLSA collective members are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They were eligible for and received attendance bonuses;

D. They worked over forty (40) hours in at least one week in which they received a bonus; and

E. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

51. Plaintiff is unable to state the exact number of the class but believes that there are at least two hundred (200) other employees who worked as hourly employees and received an improperly calculated overtime rate due to nondiscretionary bonuses.

52. Defendant can readily identify the members of the Section 16(b) class which encompasses all hourly employees who received a bonus and worked more than forty hours in a week.

53. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

58. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per week.

59. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

60. Defendant failed to pay Plaintiff for all hours worked, including failing to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate for all hours worked over forty in a week.

61. Defendant's conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

62. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

65. Plaintiff brings this collective action on behalf of himself and all hourly employees who were employed by Defendant and received nondiscretionary bonuses, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours she and they worked in excess of forty (40) each week.

66. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

67. Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and the others in their regular rate when calculating their overtime pay.

68. In the past three years, Defendant has employed more than two hundred (200) hourly employees who were eligible for nondiscretionary bonuses.

69. Upon information and belief, Plaintiff and all or almost all hourly employees who received nondiscretionary bonuses regularly worked more than forty (40) hours in a week.

70. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

71. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those

similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Albert Aguilar, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

D. Judgment for liquidated damages under the FLSA;

E. For a reasonable attorney's fee, costs, and pre-judgment interest; and

F. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**ALBERT AGUILAR, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com